**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLY FUERY, DEBRA SCIORTINO, and NICOLE TOMASKOVIC,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **Case No. 07 C 5428** |
| **v.** | ) ) | |
| | ) | **Judge Ellis** |
| **CITY OF CHICAGO, et al.,** | ) | **Magistrate Judge Cox** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S, CITY OF CHICAGO,
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COMES defendant CITY OF CHICAGO, by and through its attorneys, Timothy P. Scahill and Steven B. Borkan of BORKAN & SCAHILL, LTD., and responding to plaintiff's Motion to Compel and moving to quash subpoena under Fed. R. Civ. P. 45, states as follows:

**INTRODUCTION**

The jury trial in the above-captioned matter concluded on December 17, 2015 resulting in a single count of Excessive Force being decided in favor of Plaintiff TOMASKOVIC. Defendant CITY OF CHICAGO and Defendant SZURA currently have pending a Motion for Judgment As A Matter Of Law pursuant to Fed. R. Civ. P. 50 seeking to have judgment entered in their favor on this Count. For their part, plaintiffs have also filed a Motion for a New Trial pursuant to Fed. R. Civ. P. 59. A briefing schedule was entered and ruling on these Motions is currently set for May 18, 2016.

Despite the fact that this Court has yet to rule upon any party's post-trial motions in this case, Plaintiff TOMASKOVIC has directed a subpoena to Defendant's attorney purporting to seek the deposition of the Mayor of the City of Chicago, Rahm Emanuel. After receiving this subpoena,

Defendant's counsel explained to plaintiff's counsel why the subpoena lacked any good faith basis under the facts of this case and attempted to discourage plaintiff from incurring further time and resources litigating this issue. Plaintiff has nonetheless persisted in litigating this matter. For the reasons set forth below, Plaintiff TOMASKOVIC's Motion to Compel must be denied and this Court must quash the subpoena under Fed. R. Civ. P. 45.

## ARGUMENT

The discovery sought by Plaintiff TOMASKOVIC is at best premature and inappropriate at this stage of this case insofar as this Court has yet to rule on the parties' post-trial motions. Moreover, Plaintiff TOMASKOVIC has failed to satisfy the requisite standard to depose a sitting public official. The mayor's general remarks of the existence of a "code of silence" were part of a speech make in the wake of the Laquan McDonald controversy and have no relevance to the 2006 incident at issue in this case. Indeed, granting this relief would have dire consequences for the entire City of Chicago and would essentially force the Mayor of the third largest city in the United States to be a witness in every single case in the Northern District of Illinois that involves a boilerplate *Monell* claim.

## I. EVEN WERE DISCOVERY OTHERWISE PERMISSIBLE, THIS REQUEST SHOULD BE DENIED PENDING RESOLUTION OF POST-TRIAL MOTIONS.

Even were this Court to assume that Plaintiff TOMASKOVIC could satisfy the requisite legal standards for deposing Mayor Emanuel, ordering such deposition to proceed prior to the resolution of post-trial motions would be inappropriate. As noted below, both Defendant and Plaintiffs have filed motions seeking to modify the judgment in this case. *See* Dckt. No. 431. Defendant seeks to have judgment entered in its favor on the sole count on which liability was found. Plaintiffs seek a new trial on all of the counts on which they were unsuccessful. *See* Dckt. No. 432. Depending on the

2

rulings on these Motions, there could be either no claim left on which to premise a *Monell* claim or there could be a retrial on numerous other individual liability claims.

In the former scenario, no *Monell* proceeding would be necessary as there would be no predicate liability. As this Court itself recognized, it is axiomatic that a party must establish an underlying Constitutional violation in order to proceed on a *Monell* claim. *See* Dckt. No. 341 at 3 *citing City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986). In the latter scenario, the retrial would presumably proceed as the first trial proceeded, specifically, on individual liability claims only with the *Monell* claims being bifurcated.[1] Insofar as the outcome of any new trial would be unknown, it would be impossible to discern which (if any) claims would survive any second trial. Given the concerns and unique considerations regarding depositions of public officials in general, it would be improper to force Mayor Emanuel to sit for a deposition when the procedural posture of this case has not yet resolved whether an *Monell* claim will even be presented.

## II. PLAINTIFF HAS NOT SATISFIED THE APPLICABLE LEGAL STANDARD FOR DEPOSING A SITTING PUBLIC OFFICIAL.

Plaintiff TOMASKOVIC has not come anywhere close to satisfying the requisite legal standard. The Seventh Circuit has long recognized that "depositions of public officials create unique concerns." *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999). "They should not have to spend

---

[1] It also bears noting that it appears unlikely that Plaintiff TOMASKOVIC even has a viable *Monell* claim at this point regardless of the outcome of post-trial motions. Specifically, Plaintiff TOMASKOVIC's *Monell* claim is a one incident Excessive Force claim for money damages. While Plaintiff TOMASKOVIC had originally sought injunctive/equitable relief as a remedy, this relief was stricken by Judge Hibbler on May 6, 2009. *See* Dckt. No. 105 ("Plaintiffs complain largely of past exposure to illegal conduct. Standing to seek injunction against future conduct cannot be premised on past exposure to illegal conduct, and a plaintiff must allege more than a hypothetical or speculative future harm. The Court strikes the Plaintiffs' requests for injunctive relief in Counts I-IV.").

their time giving depositions in cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri v. Rodriguez*, 122 F.3d 406, 409-410 (7th Cir. 1997). Indeed, such officials "should not be taken away from [their] work to spend hours or days answering lawyers' questions unless there is a real need." *Id.*

To this end, the Courts have repeatedly rejected attempts to depose public officials based upon matters on which a plaintiff has not shown specific, actual, and unique knowledge regarding the claims at issue. *See, e.g., Olivieri*, 122 F. 3d at 409 (denying plaintiff's request to depose Superintendent of Police); *Stagman*, 176 F.3d at 994-95 (upholding district court's decision prohibiting Illinois Attorney General's deposition); *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998)(district court must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery); *Cannon v. Burge*, 2007 WL 2410392, *2-3 (N.D. Ill. 2007)(denying plaintiff's motion to compel mayor's deposition). *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994)(stressing that "[b]efore the involuntary depositions of high ranking government officials will be permitted, the party seeking the depositions must demonstrate that the particular official's testimony will likely lead to the discovery of admissible evidence and is essential to that party's case."); *Chicago Reader, Inc. v. Sheahan*, 192 F.R.D. 586 (N.D. Ill. 2000)(rejecting plaintiff's attempt to depose sheriff).

In the present case, plaintiff TOMASKOVIC falls far short of meeting this onerous standard. Mayor Emanuel's remarks were made in December 2015 and were prompted by the Laquan McDonald incident (which itself occurred in 2014). There is obviously nothing in these remarks indicating that Mayor Emanuel had any knowledge whatsoever about the present case and Plaintiff

Case: 1:07-cv-05428 Document #: 438 Filed: 02/12/16 Page 5 of 7 PageID #:6390
TOMASKOVIC does not allege to the contrary. Indeed, any suggestion to the effect would strain the bounds of credulity considering that Mayor Emanuel did not assume office as Mayor until *four years after* this incident.

The remarks at issue appear to constitute general statements regarding anticipated future reforms on many issues including the relations between the police and the general public. Indeed, in the context of the mayor's December 9, 2015 address, his reference to a "code of silence" is made as part of his appeal to generally change the perceived culture of the Chicago Police Department. Nothing in that statement remotely suggest that plaintiffs' claims against Defendant Szura are connected to Mayor Emanuel's remarks. It is absurd to suggest that the Mayor of the third largest city in the United States should be required to sit for a deposition in a case that pre-dated his tenure as Mayor by several years as a result of these generalized statements regarding reform. If this were the applicable standard, Mayor Emanuel would be required to sit for a deposition in every single police misconduct case containing a *Monell* claim regardless of whether such incident happened during his tenure as Mayor and regardless of the lack of any knowledge whatsoever about the facts of the specific case. Given the frequency with which plaintiffs make boilerplate assertions of a "code of silence" in federal court in the Northern District of Illinois, Mayor Emanuel would likely be unable to take on any of his actual duties as Mayor of Chicago as a result of the time he would need to devote to such undertaking. This Court cannot permit this to occur by setting such a dangerous precedent.

Moreover, insofar as the putative basis for seeking such discovery is relevance to plaintiff's *Monell* claim, the fact that Mayor Emanuel was not even in office when this incident occurred is exceptionally relevant. Indeed, it is dispositive. *Monell* claims focus on policies, practices and

customs that occurred *prior to* the underlying incident which forms the predicate for *Monell* liability. *See e.g. Peck v. West Aurora Sch. Dist. 129*, 2006 WL 2579678 at *5 (N.D.Ill.2006)("For Monell liability to attach ... the policy, practice, or custom must be established prior to and be the cause of the alleged illegal conduct."). The fact that Mayor Emanuel's remarks were made years after the relevant incident renders them essentially irrelevant in any way to Plaintiff TOMASKOVIC's particular claims. In fact, Judge Hibbler expressly ordered in this case that the relevant *Monell* discovery time period was a two year period encompassing January 1, 2006 through the end of 2007. *See* Dckt. No. 169.

Rather than being premised on any actual need, plaintiff TOMASKOVIC's Motion appears to be yet another attempt to court media attention. As this Court will recall, there was a substantial delay in the trial of this matter after unfiled discovery materials mysteriously found their way into the hands of the news media mere hours after this Court had barred such materials from being introduced into evidence. *See* Dckt. No. 405. To this end, the very Motion presently before the Court was covered almost immediately upon filing by the very same journalist involved in the December incident. *See* http://www.chicagotribune.com/news/local/breaking/ct-rahm-emanuel-code-of-silence-met-20160210-story.html (last visited February 11, 2016). It is axiomatic that garnering publicity is not a proper basis for a discovery request. "Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999); *see also Hobley v. Burge*, 2007 WL 551569, *2 (N.D. Ill. 2007)("Undoubtedly, the purpose of deposing a public official should not be the publicity value."). Trial in this matter was unfortunately marred by numerous acts of misconduct by plaintiff's counsel. This Court should not permit further such acts to occur.

Accordingly, this Court must deny Plaintiff TOMASKOVIC's Motion, and quash the subpoena pursuant to Fed. R. Civ. P. 45.

WHEREFORE, for the reasons set forth above, defendant CITY OF CHICAGO prays this Court deny Plaintiff TOMASKOVIC's Motion to Compel, quash subpoena under Fed. R. Civ. P. 45, and for whatever other relief this Court deems fit and just.

Respectfully submitted,

BORKAN & SCAHILL, LTD.


By:    /s/ Timothy P. Scahill
          Timothy P. Scahill




Timothy P. Scahill (6287296)
Steven B. Borkan (6193463)
BORKAN & SCAHILL, LTD.
20 South Clark Street,Suite 1700
Chicago, Illinois 60603
(312) 580-1030